(No. 3403—)

DOMINIC PIANFETTI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 21, 1940.*

JOSEF T. SKINNER, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant states in his petition that he was a common laborer employed by the State Highway Department of Illinois on State Route No. 71 near Hennepin, Illinois; that on May 8, 1939, he was engaged with other men in loading a six hundred pound mixer skip on a truck, and while so employed, the glove which he was wearing on his right hand, caught and became entangled between the skip and the truck; that the index finger on his right hand was caught and crushed to the middle phalangeal joint of such finger.

He was immediately taken to Dr. Philip V. Hall at Bureau, Illinois by the foreman in charge of the work, and his hand was dressed by Dr. Hall, who continued to treat him from May 8, 1939 until May 22, 1939, when he was discharged by the physician. He was also treated by Dr. Horace Dunn at Granville, Illinois on July 17, 1939. X-ray pictures were taken and appear in the record.

Claimant suffered his accident on May 8 and returned to work on May 11. As there were less than 8 days loss of time, no temporary disability was paid to him. He was paid

his regular wages and continued to be employed until about August 15, during which period he received wages in the total amount of $319.53.

Dr. P. V. Hall reported that there was no permanent disability, but Dr. Dunn, who apparently has had extensive experience, testified that the finger is definitely enlarged throughout its entire length, and its circumference is 40% more than the corresponding finger on the left hand; that there is a lateral angulation of 20%. The distal phalange has lost the ability to be extended fully and claimant has an immobile phalange, due to the total loss of the extensor tendon at the base of the distal phalange. He cannot completely flex the finger down on the palm of the hand. The tip of the finger can be flexed only to within 1½ or 2 inches from the palm in passive motion. The doctor testified that the condition described is permanent, and that in his opinion claimant has suffered 55 or 60% loss of use of his finger as a result of the accident in question.

Claimant was receiving pay at the rate of 75c an hour for 8 hours a day, and the labor division in which he was classified was employed less than 200 days a year. For the total loss of use of an index finger an employee would be entitled to 50% of the average weekly wage during 40 weeks, and for the permanent partial loss of use, that proportion of 40 weeks which the partial loss of use bears to the total loss.

While Dr. Hall's report shows that when claimant was discharged from Dr. Hall's care, there was no permanent disability, Dr. Dunn's testimony definitely establishes that some partial disability did result. This is supported by an examination of the X-ray pictures that were submitted in evidence.

From an examination of the record the court finds that claimant has suffered a permanent partial disability of 55% loss of use of the index finger on his right hand; that his average weekly wage was $11.54, and that he is therefore entitled to an award in the sum of $253.88.

An award is therefore hereby made in favor of claimant, Dominic Pianfetti, in the sum of $253.88.

As the entire amount due has heretofore accrued, such award is payable in full at the present time.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the

Method of Payment Thereof'' (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181); and being subject also to the terms of an Act entitled ''An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly,'' approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.